IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SCOTT,<br>　　Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-2563 |
| | : | |
| THOMAS S. MCGINLEY, *et al.*,<br>　　Respondents. | : | |

## ORDER

**AND NOW**, this 11th day of January, 2022, upon consideration of the Amended Petition for Writ of Habeas Corpus (Doc. No. 15), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 24), and Petitioner's Objections (Doc. No. 27), I find the following:

**Factual and Procedural History**[1]

1. In 2013, Petitioner Edward Scott was convicted by a jury in the Philadelphia Court of Common Pleas of robbery, conspiracy, robbery of a motor vehicle, and possession of an instrument of crime. Following the verdict, the trial judge sentenced Petitioner to an aggregate term of ten to twenty years' imprisonment followed by ten years' probation.

2. Petitioner appealed and, on July 29, 2015, the Pennsylvania Superior Court affirmed the judgment of sentence. Thereafter, the Pennsylvania Supreme Court denied allowance of appeal.

---

[1] The procedural background is taken primarily from the R&R, which considered the Petition for Writ of Habeas Corpus, the amended Petition, the Answer to the Petition filed by the District Attorney's Office, Petitioner's Memorandum in support of his Petition, Petitioner's reply to the Commonwealth's response, and the state court record.

3. On February 26, 2016, Petitioner filed a *pro se* petition for relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541–46. Counsel was appointed and filed an amended petition on Petitioner's behalf on November 23, 2016.

4. The PCRA Court held a hearing on March 24, 2017, at which time it gave notice of its intent to dismiss the petition. Thereafter, on April 6, 2018, the PCRA court dismissed the petition. The Pennsylvania Superior Court affirmed this decision, and the Pennsylvania Supreme Court denied allowance of appeal.

5. On April 23, 2020, Petition filed his *pro se* Petition for Writ of Habeas Corpus. Acting through counsel, Petitioner then filed an amended Petition, on September 30, 2020, setting forth six claims: (1) the trial's courts imposition of a mandatory minimum sentence violated Petitioner's Sixth Amendment right to have a jury decide every fact necessary to impose the mandatory minimum; (2) trial counsel was ineffective for incorrectly advising Petitioner that he could be impeached with a prior conviction if he testified at trial; (3) trial counsel was ineffective for failing to call four alibi witnesses; (4) the trial court erroneously failed to give an alibi instruction; (5) the trial court improperly failed to suppress the victim's out-of-court identification of Petitioner; and (6) trial counsel was ineffective for failing to insure that Petitioner's *pro se* speedy trial claim was resolved.

6. On November 15, 2021, United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation ("R&R") opining that claims two, three, and six are unexhausted and procedurally defaulted, and claims one and five are meritless under the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

7. Petitioner, through counsel, filed objections to the R&R on December 6, 2021, arguing that: (1) the Magistrate Judge improperly found that the mandatory minimum sentence did not violate Petitioner's right to a jury trial of every element of a crime under the Sixth Amendment; (2) the Magistrate Judge improperly found that claims two, three, and six and procedurally defaulted and that the default cannot be excused; (3) the Magistrate Judge erroneously found that no habeas relief was warranted due to the trial court's failure to give the jury an alibi instruction; and (4) the Magistrate Judge erroneously held that the trial court did not err in failing to suppress the victim's identification of Petitioner as an assailant.

## Standard of Review

8. Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## Discussion

### A. *Procedural Default of Claims Two, Three, and Six*

1. In the R&R, Judge Wells found that Petitioner's habeas claims two, three, and six, all of which allege ineffective assistance of trial counsel, are unexhausted and procedurally defaulted. She reasoned that, although these claims were raised in Petitioner's PCRA

3

petition, they were never presented in the subsequent appeal to the Pennsylvania Superior Court. As Petitioner is time barred from fully exhausting the claims, Judge Wells deemed them procedurally defaulted.

2. As noted in the R&R, in order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 849 (1999). Where a claim has not undergone complete exhaustion and state time limits preclude the petitioner from attempting to exhaust, the claim is procedurally defaulted in federal court and, therefore, barred from being considered in a federal habeas petition unless the petitioner can show either "cause and prejudice" or a "fundamental miscarriage of justice." Preston v. Superintendent Graterford SCI, 902 F.3d 365, 375 (3d Cir. 2018); Goldblum v. Klem, 510 F.3d 204, 212 (3d Cir. 2007).

3. Petitioner now argues that the procedural default should be excused under the cause and prejudice standard enumerated in Martinez v. Ryan, 566 U.S. 1 (2012). Under the Martinez standard, "where state law requires a prisoner to raise claims of ineffective assistance of trial counsel in a collateral proceeding, rather than on direct review, a procedural default of those claims will not bar their review by a federal habeas court if three conditions are met: (a) the default was caused by ineffective assistance of post-conviction counsel or the absence of counsel (b) in the initial-review collateral proceeding in which the claim could be heard; and (c) the underlying claim of trial counsel ineffectiveness is 'substantial,' meaning 'the claim has some merit[.]'" Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014) (quoting Martinez, 566 U.S. at 14)),

4. Petitioner contends that although his ineffective assistance of trial counsel claims in claims two, three, and six were raised before the PCRA court, his PCRA counsel failed to raise those claims on appeal from the PCRA court's denial, thereby resulting in procedural default. He posits that he had no opportunity to challenge PCRA appellate counsel's performance since the asserted ineffectiveness occurred after his one-year time limit for filing another PCRA petition. He goes on to urge that "[i]f a criminal defendant cannot challenge the effectiveness of his appellate PCRA counsel, then he has a constitutional right under the Sixth Amendment [to effective assistance of counsel] without any remedy to enforce it." (Pet.'s Objections 4.)

5. Martinez, however, excuses procedural default "only when ineffective assistance of counsel on *initial state collateral review* prevents the state court from hearing a claim of ineffective assistance of counsel, causing a procedural default." Furman v. Sanders, 2021 WL 2291300, at *6 (E.D. Pa. June 4, 2021) (emphasis added). Where the PCRA court hears and rejects the ineffective assistance of trial counsel claims, and the ineffectiveness of PCRA counsel occurs on appeal, Martinez does not apply and the PCRA counsel ineffectiveness is not excused. Id.; see also Proper v. Clark, No. 17-cv-208, 2020 WL 1814390, at *9 (W.D. Pa. Apr. 9, 2020) ("[W]hile [petitioner] does argue that [his] attorney . . . performed deficiently by failing to raise these claims in his appeal, the exception created in [Martinez] does not apply to claims the *appellate* PCRA counsel rendered ineffective assistance." (emphasis in original)).[2]

---

[2] Petitioner relies on Commonwealth v. Shaw, 247 A.3d 1008 (Pa. 2021) for the proposition that a claim of ineffective assistance of counsel on the part of *appellate* PCRA counsel can be raised on direct appeal. Id. at 1017. The Pennsylvania Supreme Court specifically noted, however, that it was so holding to ensure a petitioner had an opportunity to raise such a claim in a state forum because *federal* review would not extend to permit review of attorney error in appeals from initial-review collateral proceedings. Id. In other words, the Pennsylvania Supreme Court

5

6. Given the unequivocal law on this issue, I will overrule Petitioner's objection as to claims two, three, and six.

   **B.  *Sixth Amendment Right to Have Jury Determine Every Fact Necessary to Justify a Minimum Sentence***

7. Petitioner's next objection concerns the imposition of the mandatory minimum sentence due to his prior conviction for voluntary manslaughter. In his PCRA petition, Petitioner argued that imposition of the mandatory minimum without a jury determination of every fact necessary to justify that mandatory minimum violated his Sixth Amendment rights.

8. The PCRA court rejected that claim based on the U.S. Supreme Court's ruling in <u>Alleyne v. United States</u>, 570 U.S. 99 (2013), which exempts the fact of a prior conviction from the requirement that a jury must determine every fact necessary to warrant the imposition of a mandatory minimum sentence. <u>Id.</u> at 111 n.1. The Pennsylvania Superior Court affirmed based on the PCRA court's ruling.

9. On review of this claim in his habeas petition, Judge Wells found that the state court's decision was neither contrary to nor an unreasonable application of federal law as set forth by the Supreme Court. Judge Wells further rejected Petitioner's argument that the exception in <u>Alleyne</u>, first recognized in the case of <u>Alemdarez-Torres v. United States</u>, 523 U.S. 224 (1998), is "bad law" and should not be followed, noting that a district court sitting on federal habeas review had no authority to disregard existing Supreme Court precedent.

10. In his current objection, Petitioner now repeats the argument that <u>Almendarez-Torres</u> was incorrectly decided and has been criticized by the Supreme Court itself in <u>Apprendi v. New

---

expressly recognized that a claim of ineffective assistance of appellate PCRA counsel was not cognizable on federal habeas review.

Jersey, 530 U.S. 466, 490 (2000). He urges that I should disregard this holding and find that his Sixth Amendment rights were violated.

11. I find no merit to this objection. The Supreme Court has recognized that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime—not a "sentencing factor"—that must be submitted to the jury. Alleyne v. United States, 570 U.S. 99, 1140015 (2013). In doing so, the Court declined to revisit the "narrow exception," recognized in Almendarez-Torres, that the fact of a prior conviction need not be submitted to a jury. Id. at 111 n.1. Accordingly, that exception was the clearly-established federal law both currently and at the time the PCRA court issued its ruling.

12. When a claim presented in a federal habeas petition has been adjudicated on the merits in state courts, a federal court cannot grant habeas relief unless the state court adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). As Petitioner has not met that standard, I will overrule this objection.

  **C.**  ***Trial Court Failure to Give the Jury an Alibi Witness Instruction***

13. Petitioner next objects to the R&R's conclusion that the trial court did not err in failing to give an alibi witness instruction.

14. Plaintiff's alibi was premised upon testimony from his aunt, Brenda Scott, that at the time of the offense, Petitioner was watching a televised basketball game with her. The Pennsylvania Superior Court found that Ms. Scott's testimony did not constitute an alibi because the game in question did not take place on the night of charged offense.

15. In his Habeas Petition, Petitioner argued that the trial court violated his Sixth Amendment and Due Process rights by failing to give the jury an alibi instruction. Judge Wells rejected this argument on two grounds. First, she determined that Petitioner failed to identify any U.S. Supreme Court precedent to establish the state court decision was contrary to or an unreasonable application of federal law. Rather, Judge Wells noted that Petitioner relied only Fourth and Fifth Circuit opinions, which are insufficient under the AEDPA standard to overturn a state court ruling. Second, she concluded that Ms. Scott's testimony did not establish an alibi since it "merely confirms that Petitioner watched a televised basketball game with her on a different night from when the crime occurred." (R&R 11.)

16. Petitioner now argues that, under Mathews v. United States, 485 U.S. 58 (1988), "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." Id. at 63. Thus, he contends, the refusal of the trial judge to give an alibi defense is a basis for habeas relief.

17. Petitioner's argument is misplaced. Although Mathews recognized a general rule for trial courts to follow in formulating jury instructions, it did not suggest that habeas relief is warranted every time a requested instruction is not given. Rather, it is well established that "[h]abeas relief for a due process violation concerning an absent or defective jury instruction is available only when the absence of an instruction, or defective instruction, infects the entire trial with unfairness." Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010) (quoting Albrecht v. Horn, 485 F.3d 103, 129 (3d Cir. 2007) (citing Cupp v. Naughton, 414 U.S. 141, 147 (2010))).

18. Here, the absence of the alibi instruction did not infect Petitioner's entire trial with unfairness. Under Pennsylvania law, an alibi is a defense that "places the defendant at the

8

relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." Commonwealth v. Hawkins, 894 A.2d 716, 717 (Pa. 2006) (quotation omitted). "[A] trial court, faced with alibi evidence, should instruct a jury generally that it should acquit if [defendant's] alibi evidence, even if not wholly believed, raise[s] a reasonable doubt his presence at the scene of the crime at the scene of the crime at the time of its commission and, thus, of his guilt." Id. at 717–18.

19. As noted by both the state court and the Magistrate Judge, however, Petitioner's aunt's testimony did not provide an alibi because, whether fully believed or not, it did not raise any reasonable doubt about Petitioner's presence at the scene of the crime at the time of its commission. Rather, it simply placed Petitioner with his aunt on a night different than the one at issue. As such, I will overrule Petitioner's objection as to this claim.

### D. Trial Court Failure to Suppress the Victim's Identification of Petitioner

20. Petitioner's final objection concerns the trial court's admission of the victim's out-of-court identification of Petitioner as one of the perpetrators of the crime. Specifically, after the victim was robbed at gunpoint and the perpetrators drove off in the victim's vehicle, the victim called the police and described the two perpetrators. Police located the vehicle and found Petitioner walking away from the driver's side door. They stopped Petitioner for investigation and brought the victim to that location—along with two other locations—to make a possible identification. The victim "positively identified [Petitioner] as the individual who stole his Impala. [The victim] testified that [Petitioner's] facial hair stood out, and he remembered 'his face, dark skin, his height, his stature, even the clothes he had on.'" Commonwealth v. Scott, No. 2286 EDA 2013, 2015 WL 6114467, at *1–2 (Pa. Super. Ct. July 29, 2015). The victim also implicated another detained individual as the

9

second perpetrator but declined to implicate a third detained individual as a participant in the crime. Id.

21. The Pennsylvania Superior Court noted that the totality of the circumstances needed to be evaluated when considering whether an out-of-court identification should be suppressed. Reviewing those circumstances, the Superior Court found that: the victim had a good opportunity to see Petitioner before and during the crime; although it was nighttime, street lighting and a porch light permitted the victim to view petitioner before the crime; when the victim returned to his car, he saw Petitioner face-to-face for approximately a minute; after being ordered to the ground and lying there for several minutes, the victim could see Petitioner's face; the victim was able to provide a detailed description of Petitioner and his clothing; the victim was taken to where Petitioner, and the victim's car, were located within minutes of the crime; Petitioner was not handcuffed at that location, although he was seated inside a police car; the victim positively identified Petitioner as the person who drove his car away from the scene of the crime; the victim expressed no doubt because he clearly remembered Petitioner's face; after this confrontation, the victim declined to identify one individual the police had suspected, but he positively identified Petitioner's co-defendant as the gunman. Based on the above, the Superior Court found that the victim's out-of-court identification was properly admitted.

22. On review of Petitioner's habeas claim, Magistrate Judge Wells noted that the U.S. Supreme Court uses a similar totality of the circumstances test to determine if an out-of-court identification is sufficiently reliable to be presented at trial. (R&R 13 (citing Manson v. Brathwaite, 432 U.S. 98, 99 (1977).) She opined that the state Superior Court relied upon a totality of the circumstances test similar to the Supreme Court's test. (Id. at 14.)

Applying the AEDPA's deferential standard of review, Judge Wells concluded that fair-minded jurists could agree with the Superior Court's resolution of the claim.

23. Petitioner now contends that the Superior Court's analysis fell "woefully short" of conducting the requisite totality of the circumstances test because the Superior Court failed to consider facts of the case and the arguments made by Petitioner's counsel at trial. Petitioner argues that the victim did not have his full concentration on the perpetrators at any time, the events took place at night, and the victim made the identification during a one-on-one confrontation while Petitioner was sitting in the back of a police car. Given these facts, Petitioner contends that the prejudicial nature of the identification was not properly scrutinized under the totality of the circumstances test.

24. Petitioner's objection is nothing more than disagreement with the Superior Court's weighing of the various factors under the totality of the circumstances test. The U.S. Supreme Court has described the relevant factors as "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself." Manson, 432 U.S. at 114. The Superior Court clearly applied these factors and reached the conclusion that the out-of-court identification was sufficiently reliable.

25. Given the state court's analysis of the totality of the circumstances test, I do not find that the state court's ruling on this issue was either contrary to or an unreasonable application of federal law. Moreover, the state court's factual determination that the out-of-court identifications in this matter were not "impermissibly suggestive," is binding on this Court

11

on habeas review, and Petitioner has not rebutted this presumption by clear and convincing evidence as required under 28 U.S.C. § 2254(e)(1). Accordingly, I will overrule Petitioner's objection on this issue.

**WHEREFORE**, it is hereby **ORDERED** that:

a. Petitioner's Objections (Doc. No. 27) are **OVERRULED**;

b. The Report and Recommendation (Doc. No. 24) is **APPROVED** and **ADOPTED**;

c. The Amended Petition for Writ of Habeas Corpus (Doc. No. 15) is **DENIED** with prejudice and **DISMISSED** without a hearing;

d. There is no basis for the issuance of a certificate of appealability; and

e. The Clerk of Court is directed to mark this case **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**